Filed 2/16/23  P. v. Tucker CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

RICCO TUCKER,

     Defendant and Appellant.

E080399

(Super.Ct.No. FVA1001189)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Ingrid A. Uhler, Judge.  Affirmed.

Ricco Tucker, in pro. per., and Mi Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, Ricco Tucker, filed a second form petition for resentencing pursuant to former Penal Code section 1170.95,[1] which the court denied without a hearing. After defendant filed a notice of appeal, this court appointed counsel to represent defendant.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), *Anders v. California* (1967) 386 U.S. 738 (*Anders*), and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of the facts, a statement of the case, and identifying two potentially arguable issues: (1) whether the court erred in denying defendant's petition without appointing counsel and holding a hearing; and (2) whether the case should be remanded to give the trial court a meaningful opportunity to consider defendant's youth in determining whether he was a major participant acting with reckless indifference to human life.[2]

This court offered defendant the opportunity to file a personal supplemental brief, which he has done.[3] Defendant contends the court that ruled on his petition showed

---

[1] All further statutory references are to the Penal Code unless otherwise indicated. Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered Penal Code section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

[2] In *Delgadillo*, the California Supreme Court recently held that *Wende* and *Anders* procedures do not apply in appeals from the denial of a section 1172.6 postjudgment petition. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 224-226.)

[3] "If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

"blatant bias," and he should not have been "charged with something I did not do, that I couldn't have stopped, or something that was never anybody's plans nor was it my intentions." We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[4]

In July 2010, defendant and three codefendants "lured the victim and the victim's friend into a garage under the pretense of selling the victim gold for cash. Once in the garage, defendant pointed a nine-millimeter gun at the friend, while [a codefendant] pointed his gun at the victim. When the victim reached for [the codefendant's] gun, defendant pointed his gun at the victim and said, 'This is for real.' The victim then picked up his bag of cash and ran out of the garage; either defendant or [his codefendant] fatally shot the victim. The police arrived at the scene and found three .40-caliber shell casings on the garage floor. The victim suffered two gunshot wounds; one was fatal." (*Tucker II*, *supra*, E076593.)

During a police interview, defendant admitted his role in the robbery, but he denied shooting the victim. He said his codefendant gave him $600 of the robbery proceeds. (*Tucker II*, *supra*, E076593.)

---

[4] We take judicial notice of our prior nonpublished opinions from defendant's appeal from the original judgment (*People v. Tucker* (July 26, 2013, E054399) [nonpub. opn.] (*Tucker I*)), and in his appeal from the denial of his first, former section 1170.95 petition (*People v. Tucker* (Apr. 26, 2022, E076593) [nonpub. opn.] (*Tucker II*)). (Evid. Code, §§ 452, subd. (d), 459; Cal. Rules of Court, rule 8.1115(b)(1).) We take much of our factual and procedural recitation from *Tucker II*.

Separate juries tried defendant and a codefendant.[5]  The court instructed defendant's jury solely on first degree felony murder with second degree robbery as the underlying felony.  The court did not instruct on any other theory of murder.  (*Tucker II*, *supra*, E076593.)

The juries found defendant and his codefendant guilty of first degree murder.  The juries also found that defendant and his codefendant personally used firearms in the commission of the murder (§ 12022.53, subd. (b)) and that they were felons in possession of a firearm (§ 12021, subd. (a)(1)).  The jury additionally convicted defendant of assault with a firearm.  (§ 245, subd. (a)(2).)  On August 26, 2011, the court sentenced defendant to 10 years, plus 25 years to life.  (*Tucker II*, *supra*, E076593.)

Defendant appealed, contending the court erred in its instruction of the jury with a modified version of CALCRIM No. 376, that the jury could consider his possession of recently stolen property as evidence that he committed the offense of murder.  This court agreed, but found any error harmless because ample evidence showed that the victim was murdered during the robbery—apart from and in addition to the evidence that defendant knowingly possessed recently stolen property.  Thus, this court affirmed the judgment.  (*Tucker I*, *supra*, E054399; *Tucker II*, *supra*, E076593.)

On January 11, 2019, defendant filed a petition for resentencing under former section 1170.95.  The People filed an informal response to the petition, along with a

---

**5**  The two other codefendants entered into plea agreements, which provided that if they testified truthfully, their second degree murder convictions would be reduced to voluntary manslaughter, and their 15-year-to-life sentences would be reduced to 12 years. (*Tucker*, *supra*, E076593.)  They testified against defendant and his codefendant.  (*Ibid*.)

request for judicial notice of the decision and records in *Tucker I*, *supra*, E054399, arguing defendant failed to state a prima facie case for relief.  On March 7, 2019, the superior court concluded that defendant was ineligible for relief and denied the petition.[6] (*Tucker II*, *supra*, E076593.)

Defendant successfully requested reconsideration of his petition.  On August 2, 2019, the superior court found that defendant had made a prima facie case.  "On July 8, 2020, after the court provided an 'indicated ruling,' defense counsel stated that defendant would concede the issue of whether he was a major participant and focus on the issue of reckless indifference to human life." (*Tucker II*, *supra*, E076593.)

At the hearing on February 19, 2021, defense counsel conceded that defendant was a major participant, but argued that he did not act with reckless indifference to human life.  "In support of his argument, counsel pointed to the following evidence: (1) defendant's testimony that the 'safety' was engaged on his gun, and there was no bullet in the chamber; (2) evidence that when the victim attempted to grab [the codefendant's] gun, defendant pointed his gun at the victim and said, '"This is for real"'; and (3) testimony that when the victim grabbed his bag of cash and ran, defendant let him go and did not shoot him or attempt to chase him.  Given defendant's age at the time of the offense—20 years old—defense counsel argued that his brain had not fully developed, and his mental processes were not sufficiently deliberative to constitute reckless indifference to human life." (*Tucker II*, *supra*, E076593.)

---

[6] The same judge who conducted defendant's trial also ruled on his petition.

5

"In response, the prosecutor argued that whether the gun's safety was engaged or if there was no bullet in its chamber, defendant's statements were self-serving. According to the prosecutor, defendant's actions before and after the shooting [were] evidence of his subjective awareness and knowing involvement in the violent nature of the crimes." (*Tucker II*, *supra*, E076593.)

"After 'conducting an examination of the facts, which included the petition for relief, [defendant's] declaration, all the moving papers on behalf of the [parties], and taking judicial notice of [this court's decision in *Tucker I*, *supra*, E054399], the information, files, jury instruction, court exhibits, trial transcripts, and all other records of the court case,' the superior court concluded that defendant 'was a major participant in the crime and acted with reckless indifference to human life during the course of the underlying robbery,' and it denied the petition." (*Tucker II*, *supra*, E076593.)

On appeal from the denial, defendant contended the superior court's order denying his petition should be reversed because the court failed to issue an OSC and conduct an evidentiary hearing. He also asserted the evidence was insufficient as a matter of law to prove his murder conviction because the prosecution case failed to prove he acted with reckless indifference to human life. (*Tucker II*, *supra*, E076593.)

We held that although "the superior court failed to issue a written OSC, it did inform the parties both orally and by written minute order that defendant had established prima facie eligibility, and it was conducting an 'evidentiary hearing in regard[] to re-sentencing under 1170.95.'" (*Tucker II*, *supra*, E076593.) Moreover, both parties were

6

present and had an opportunity to present evidence.  Thus, any procedural error was harmless.  (*Ibid*.)

We further held that sufficient evidence supported the court's determination that defendant was a major participant who acted in reckless disregard for human life.  The court below had noted that both defendant and his codefendant entered the garage and pointed their handguns directly at the victim, defendant was inside the garage when the shots were fired, defendant failed to render aid to the victim, defendant failed to act as a restraining influence on his codefendant, and defendant was "part of a concerted effort, involving multiple people to rob the victim at gunpoint".  (*Tucker II*, *supra*, E076593.)

On October 11, 2022, defendant filed a second form petition for resentencing pursuant to former section 1170.95.  On October 13, 2022, the court, without appointing counsel for defendant or holding a hearing, denied the petition.  The court noted that defendant's prior petition "was denied and [the] denial was affirmed on appeal.  No further action by trial court based upon stare decisis.  Petition continues to be denied."

## II.  DISCUSSION

Defendant contends the court that ruled on his petition showed "blatant bias" and he should not have been "charged with something I did not do, that I couldn't have stopped, or something that was never anybody's plans nor was it my intentions."  Defendant is estopped from raising these issues under the doctrine of law of the case.

"[A]ppellate court judgments establish the law that '"must be applied in the subsequent stages of the cause"'—i.e., the law of the case—'"and they are *res adjudicata* in *other* cases as to every matter adjudicated."'"  (*People v. Barragan* (2004) 32 Cal.4th

7

236, 253.) A "'decision on a matter properly presented on a prior appeal becomes the law of the case even though it may not have been absolutely necessary to the determination of the question whether the judgment appealed from should be reversed. [Citations].' [Citation.] Thus, application of the law-of-the-case doctrine is appropriate where an issue presented and decided in the prior appeal, even if not essential to the appellate disposition, 'was proper as a guide to the court below on a new trial.'" (*People v. Boyer* (2006) 38 Cal.4th 412, 442.) The "'[l]aw-of-the-case doctrine binds the trial court as to the law but controls the outcome only if the evidence on retrial or rehearing of an issue is substantially the same as that upon which the appellate ruling was based.'" (*Id.* at p. 443.)

Defendant initially filed a petition for resentencing pursuant to former section 1170.95 on January 11, 2019. On February 19, 2021, the court denied defendant's petition, determining that he "'was a major participant in the crime and acted with reckless indifference to human life during the course of the underlying robbery,' and it denied the petition." (*Tucker II*, *supra*, E076593.)

Defendant appealed that determination, and we affirmed the judgment holding that sufficient evidence supported the court's determination that defendant was a major participant who acted in reckless disregard for human life. Thus, both this court and the court below are bound by the previous determination based on the same law and same set of facts that defendant was a major participant acting with reckless disregard for human life in an offense, which resulted in the attempted murder of the victim.

Moreover, defendant fails to explain or demonstrate any "blatant bias" by the court that denied the petition. We discern no such bias.

Furthermore, defendant has already, repeatedly and unsuccessfully, challenged his conviction. A jury convicted defendant as noted *ante*. This court affirmed that conviction. Defendant filed a petition for resentencing, which the court below denied, expressly finding that defendant was a major participant acting with reckless indifference to human life in his participation in the offenses. We affirmed that ruling.

Defendant offers no new evidence that he should not have been charged, much less convicted, of these crimes. Even if he had such evidence, a petition for habeas corpus, rather than a second petition for resentencing pursuant to section 1172.6, would be the proper vehicle for challenging the legitimacy of his conviction. (*In re J.F.* (1969) 268 Cal.App.2d 761, 766 ["[I]n this state habeas corpus is a proper vehicle with which to challenge the constitutional validity of prior felony convictions, long since final . . . ."].)

## III. DISPOSITION

The court's order dismissing the petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
Acting P. J.

We concur:

MILLER_____
           J.

CODRINGTON_____
           J.